Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL
OATA-2025-247

| T-SHIRT PRINT EXPRESS, INC. H/N/C TPX T-SHIRT PRINT EXPRESS, INC.  Apelante  v.  MULTI-VENTAS Y SERVICIOS, INC. Y OTROS  Apelados | TA2025AP00653 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas  Caso Núm. CG2023CV01152  Sobre: Sentencia Declaratoria, Acción de Cumplimiento Específico de Contrato, Dolo, Fraude y Daños Y Perjuicios |

Panel integrado por su presidente, el juez Adames Soto, la juez Aldebol Mora y el juez Cruz Hiraldo.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de abril de 2026.

Comparece la parte apelante, T-Shirt Print Express, Inc. a/n/c TPX T-Shirt Print Express, Inc., mediante el recurso de epígrafe, y nos solicita que revoquemos la *Sentencia* emitida y originalmente notificada por el Tribunal de Primera Instancia, Sala Superior de Caguas, el 7 de noviembre de 2025, aunque dicho foro emitió una notificación enmendada el día 10 del mismo mes y año. Mediante el referido dictamen, el foro primario desestimó sin perjuicio la causa de acción de la parte apelante, tras concluir que hay ausencia de una parte indispensable.

Por los fundamentos que se exponen a continuación, se modifica la *Sentencia* apelada, a los únicos fines de disponer que debió tratarse de una sentencia parcial en la que únicamente se desestimara la causa de acción instada contra la compañía de responsabilidad limitada, Episeeker.PR, LLC. En consecuencia, se

le ordena al foro primario continuar los procedimientos, de manera cónsona con los pronunciamientos consignados en esta *Sentencia*.

**I**

El 18 de abril de 2023, T-Shirt Print Express, Inc. a/n/c TPX T-Shirt Print Express, Inc. (T-Shirt Print o parte apelante) presentó una *Demanda* en contra de Multi-Ventas y Servicios, Inc. (Multi-Ventas); Inmobiliaria PYD, LLC; Fideicomiso PDG; Pedro Rivera Concepción, María Mercedes Feliciano Caraballo y la Sociedad de Legal de Gananciales compuesta por ambos; Pedro Javier Rivera Feliciano y Dalis Omayra Rivera Feliciano (en conjunto, los apelados).[1] Como remedio, solicitó el cumplimiento específico de un contrato de opción de compraventa, así como la anulación de unos traspasos de titularidad sobre la propiedad objeto del pleito.

El 25 de mayo de 2023, Grace Monge La Fosse[2] (Monge La Fosse o la apelada) compareció por derecho propio, en representación de Multi-Ventas, y presentó una *Contestación a Demanda, Reconvención, Demanda Contra Tercero*.[3] Según detalló, compareció en calidad de cesionaria de Multi-Ventas, debido a que adquirió un crédito litigioso. Entiéndase, que, en primer lugar y según expresó, contestó la demanda a nombre de Multi-Ventas, además de que presentó una reconvención y una demanda contra terceros, también a nombre de esta.

Como resultado de lo anterior, el 30 de mayo de 2023, el foro *a quo* emitió una *Orden*, que notificó al día siguiente.[4] En esta, le requirió a Monge La Fosse que aclarase quién realmente compareció en el pleito, por medio de la *Contestación a Demanda,*

---

[1] Entrada núm. 1 del caso núm. CG2023CV01152 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[2] Destacamos que, el 30 de mayo de 2019, Grace Monge La Fosse fue suspendida indefinidamente de la práctica de la abogacía y la notaría, por incumplir con las órdenes del Tribunal Supremo de Puerto Rico y con los avisos de la Oficina del Procurador General. Véase, *In re Monge La Fosse*, 202 DPR 594 (2019).

[3] Entrada núm. 5 del caso núm. CG2023CV01152 del SUMAC.

[4] Entrada núm. 8 del caso núm. CG2023CV01152 del SUMAC.

*Reconvención, Demanda Contra Tercero*. Es decir, si solamente fue Monge La Fosse, si únicamente fue Multi-Ventas o si fueron ambos.

El 5 de junio de 2023, T-Shirt Print solicitó el desglose de la *Contestación a Demanda, Reconvención, Demanda contra Tercero*.[5] Esencialmente, razonó que Monge La Fosse estaba impedida de presentar una alegación responsiva en representación de Multi-Ventas, debido a que actualmente no está autorizada a ejercer la abogacía. En consideración a dicho planteamiento, el 9 de junio de 2023, el foro primario le ordenó a Monge La Fosse someter evidencia que demostrase que posee algún interés en el desenlace del pleito de epígrafe y, consecuentemente, legitimación activa para intervenir en el caso.[6]

También el 9 de junio de 2023, Monge La Fosse presentó una *Moción en cumplimiento de orden* [...].[7] En lo pertinente, reiteró que su comparecencia en este caso era en calidad de cesionaria de Multi-Ventas. Ello, como resultado de la relación jurídica de cedente y cesionario que medió entre ella y Multi-Ventas.

Así también, en consideración a la orden emitida por el foro *a quo* el 9 de junio de 2023, Monge La Fosse presentó una *Segunda moción en cumplimiento de orden* [...],[8] a la cual adjuntó copia de un escrito titulado *Cesión de Crédito Litigioso A Acuerdo de Pago de su Crédito*. En virtud del mencionado escrito, Monge La Fosse también procuró justificar su comparecencia al pleito como interventora, al amparo de la Regla 21 de Procedimiento Civil, 32 LPRA Ap. V, R. 2.

Como resultado de lo anterior, luego de varias incidencias procesales, el 16 de junio de 2023, el foro primario autorizó la comparecencia por derecho propio de Monge La Fosse en el caso de

---

[5] Entrada núm. 12 del caso núm. CG2023CV01152 del SUMAC.
[6] Entrada núm. 20 del caso núm. CG2023CV01152 del SUMAC.
[7] Entrada núm. 18 del caso núm. CG2023CV01152 del SUMAC.
[8] Entrada núm. 23 del caso núm. CG2023CV01152 del SUMAC.

epígrafe, en calidad de cesionaria de Multi-Ventas.[9] Inconforme, el 20 de junio de 2023, T-Shirt Print presentó una *Moción en solicitud de reconsideración y oposición a intervención de la Sra. Grace Monge La Fosse.*[10] En este, informó al foro primario la existencia de una determinación final en otro caso,[11] en el que se adjudicó la inexistencia del crédito litigioso alegado por Monge La Fosse. Asimismo, detalló que, en esa ocasión, el foro *a quo* le prohibió a Monge La Fosse realizar comparecencias judiciales, al amparo de una alegada cesión del crédito litigioso. Por su parte, Monge La Fosse se opuso a la solicitud de desglose presentada por la parte apelante y compareció nuevamente como cesionaria de Multi-Ventas.[12]

El 14 de julio de 2023, la parte apelante presentó una *Moción de Sentencia Sumaria.*[13] Mediante esta, solicitó la desestimación de la solicitud de intervención de Monge La Fosse. Como fundamento, aseveró que esta procuró justificar su comparecencia como parte interventora, mediante aseveraciones y argumentos improcedentes.

Tras evaluar la referida moción dispositiva, el 25 de agosto de 2023, el foro *a quo* emitió una *Sentencia Sumaria,* que notificó el día 29 del mismo mes y año.[14] En virtud de esta, desestimó con perjuicio, tanto la solicitud de intervención, como la *Contestación a Demanda, Reconvención, Demanda contra Tercero,* instadas por Monge La Fosse. En lo particular, el foro primario expuso que, "cuando Rivera Concepción suscribió la cesión a favor de Monge ya no existía crédito o derecho en litigio".[15]

---

[9] Entrada núm. 30 del caso núm. CG2023CV01152 del SUMAC.
[10] Entrada núm. 36 del caso núm. CG2023CV01152 del SUMAC.
[11] Civil núm. E CD2015-1017.
[12] Entrada núm. 42 del caso núm. CG2023CV01152 del SUMAC.
[13] Entrada núm. 52 del caso núm. CG2023CV01152 del SUMAC.
[14] Entrada núm. 89 del caso núm. CG2023CV01152 del SUMAC.
[15] *Sentencia Sumaria*, pág. 4. Véase, Entrada núm. 89 del caso núm. CG2023CV01152 del SUMAC.

El 20 de mayo de 2024, Monge La Fosse volvió a comparecer por derecho propio, mediante una nueva *Solicitud de Intervención* [...].[16] En esta ocasión, alegó haber adquirido el inmueble objeto de controversia en este caso. Específicamente, aseveró que adquirió el inmueble por virtud de la Escritura de Permuta Núm. 4, otorgada el 10 de abril de 2024 y suscrita con el Fideicomiso PDG. En consecuencia, argumentó ser parte indispensable, debido a que se convirtió en la nueva titular registral de la propiedad inmueble descrita en la *Demanda*.

El 30 de mayo de 2024, T-Shirt Print presentó una *Moción en oposición a solicitud de intervención y solicitud de autorización para presentar segunda demanda enmendada*.[17] De este modo, solicitó autorización para presentar una *Segunda Demanda Enmendada*,[18] a los fines de acumular como demandados, tanto a Monge La Fosse, como a la corporación Episeeker.PR, LLC (Episeeker).[19]

Luego de una serie de incidencias procesales, el 6 de abril de 2025, el foro primario emitió una *Resolución Interlocutoria*, que fue notificada al día siguiente.[20] Mediante esta, declaró No Ha Lugar la solicitud de intervención de Monge La Fosse. No obstante, autorizó la *Segunda Demanda Enmendada* solicitada por la apelante, por lo que Monge La Fosse quedó acumulada en el pleito, como parte codemandada.

Tras la autorización para enmendar la demanda nuevamente, el 8 de abril de 2025, T-Shirt Print presentó la *Segunda Demanda Enmendada*.[21] Es preciso destacar que, además

---

[16] Entrada núm. 154 del caso núm. CG2023CV01152 del SUMAC.
[17] Entrada núm. 163 del caso núm. CG2023CV01152 del SUMAC.
[18] Nótese que, el 20 de junio de 2023, la parte apelante había solicitado autorización para presentar una primera *Demanda Enmendada*. Véase, Entrada núm. 37 del caso núm. CG2023CV01152 del SUMAC. Al día siguiente, el foro primario autorizó la *Demanda Enmendada*. Entrada núm. 41 del caso núm. CG2023CV01152 del SUMAC.
[19] Según surge de la alegación núm. 46 de la *Segunda Demanda Enmendada*, esta corporación fue creada y registrada en el Departamento de Estado el 16 de diciembre de 2023.
[20] Entrada núm. 164 del caso núm. CG2023CV01152 del SUMAC.
[21] Entrada núm. 167 del caso núm. CG2023CV01152 del SUMAC.

de incluir como demandados a Monge La Fosse y a Episeeker, la parte apelante también incluyó nuevas causas de acción cuya solicitud de remedios involucró a estos nuevos codemandados.

Con la presentación de la *Segunda Demanda Enmendada*, T-Shirt Print incluyó los emplazamientos dirigidos, tanto a Monge La Fosse como a Episeeker, los cuales fueron expedidos por la Secretaría del foro primario. Posteriormente, y tras identificarle como parte indispensable,[22] el foro primario determinó la improcedencia de emplazar a Monge La Fosse, debido a que consideró que esta se sometió a la jurisdicción del tribunal, debido a su solicitud de intervención.[23] De este modo, únicamente restaba que la parte apelante acreditase haber diligenciado el emplazamiento dirigido a Episeeker.

Así las cosas, transcurridos 120 días desde que la Secretaría expidió los emplazamientos sin que la parte apelante acreditase haber emplazado a Episeeker,[24] el 22 de octubre de 2025, el foro primario emitió una *Resolución Interlocutoria*, que notificó al día siguiente.[25] En esta ocasión, le requirió a T-Shirt Print mostrar causa por la cual no procedía la desestimación del caso de epígrafe, por falta de emplazamiento a Episeeker. En particular, el foro *a quo* razonó lo siguiente:

> Una corporación no puede comparecer a un Tribunal por derecho propio ni representada por su agente residente sin comparecer al Tribunal mediante representación legal. Este Tribunal no eximió del diligenciamiento del emplazamiento de la Corporación Episeeker Inc. cuyo emplazamiento se expidió el 9 de abril de 2025.[26]

Así las cosas, el 3 de noviembre de 2025, la parte apelante compareció ante el foro primario, mediante una *Moción en cumplimiento de orden y en oposición a desestimación por supuesta*

---

[22] Entrada núm. 185 del caso núm. CG2023CV01152 del SUMAC.
[23] Entrada núm. 186 del caso núm. CG2023CV01152 del SUMAC.
[24] Véase, Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c).
[25] Entrada núm. 209 del caso núm. CG2023CV01152 del SUMAC.
[26] *Resolución Interlocutoria*, pág. 1. Véase, Entrada núm. 209 del caso núm. CG2023CV01152 del SUMAC.

*falta de emplazamiento a una parte indispensable.*[27] En lo pertinente, expresó lo siguiente:

> En el presente caso, T-Shirt Print demandó a la Sra. Grace Monge La Fosse y su compañía EPISEEKER.PR, LLC, por lo que se expidieron emplazamiento para ambas. No obstante, luego de que se emitieran los emplazamientos, T-Shirt Print solicitó que se eximiera de emplazar tanto a la Sra. Monge La Fosse como a EPISEEKER.PR, LLC, pues ambas tenían ya conocimiento de pleito instado pues eran partes que se encontraban solicitando intervenir en el pleito y, por tanto, partes que se habían sometido voluntariamente a la jurisdicción del tribunal. Consideramos que dicha solicitud interrumpió el término de ciento veinte (120) días para diligenciar los emplazamientos.
>
> Ahora bien, el 31 de julio de 2025, este Honorable Foro emitió una Resolución Interlocutoria mediante la cual relevó a la parte demandante de tener que emplazar a la Sra. Monge La Fosse, pues concluyó que ésta se había sometido a la jurisdicción del Tribunal con su solicitud de intervención. SUMAC 186. Entiéndase, se consideró que la Sra. Monge La Fosse, -- representante y agente residente de EPISEEKER.PR, LLC --, había sido notificada y tenía conocimiento de la reclamación. Siendo así, T-Shirt Print razonablemente estuvo bajo la impresión que había sido relevado de emplazar a EPISEEKER.PR, LLC, pues después de todo, su agente residente ya había quedado notificada del pleito en su contra y en contra de la compañía.[28]

Finalmente, el 7 de noviembre de 2025, el foro *a quo* emitió y notificó la *Sentencia* apelada.[29] Mediante esta, razonó, en primer lugar, que Episeeker es parte indispensable. En consecuencia, y debido a que la parte apelante no diligenció el emplazamiento dirigido a Episeeker, dentro del término de 120 días dispuesto en la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c), consideró que procedía desestimar el caso de epígrafe, sin perjuicio. Así las cosas, el 10 de noviembre de 2025, la Secretaría del foro primario emitió una *Notificación Enmendada* de la *Sentencia* apelada para incluir a Monge La Fosse, debido a que se le omitió de la notificación original.

En desacuerdo, el 9 de diciembre de 2025, T-Shirt Print acudió ante nos mediante el recurso de epígrafe, en el que adujo que el foro *a quo* cometió los errores siguientes:

---

[27] Entrada núm. 216 del caso núm. CG2023CV01152 del SUMAC.

[28] *Moción en cumplimiento de orden* [...], pág. 8. Véase, Entrada núm. 216 del caso núm. CG2023CV01152 del SUMAC.

[29] Entrada núm. 218 del caso núm. CG2023CV01152 del SUMAC.

Erró el Tribunal de Primera Instancia al determinar que EPISEEKER.PR, LLC no quedó emplazada a través de su representante y agente residente, la Sra. Monge La Fosse.

En la alternativa, erró el Tribunal de Primera Instancia al desestimar en su totalidad la Segunda Demanda Enmendada de autos bajo el fundamento de falta de parte indispensable.

Erró el Tribunal de Primera Instancia al permitir que la Sra. Grace Monge La Fosse continuara representándose por derecho propio en el caso sin analizar en una vista los requisitos establecidos en la Regla 9.4 de Procedimiento Civil y su jurisprudencia, haciendo caso omiso a las múltiples solicitudes de la parte demandante para que ello no se permitiera.

El 9 de enero de 2026, Monge La Fosse presentó su *Alegato.* Por su parte, el 20 de enero de 2026, los apelados comparecieron, mediante un escrito conjunto que titularon *Alegato en oposición a recurso de apelación.*

Con el beneficio de la comparecencia de las partes involucradas, procedemos a adjudicar el recurso de epígrafe.

**II**

**A**

El emplazamiento es el vehículo procesal que se reconoce en nuestro ordenamiento para notificar a un demandado que existe una reclamación judicial en su contra. *Quiñones Román v. Compañía ABC*, 152 DPR 367 (2000). Es un mecanismo que se encuentra codificado en las Reglas de Procedimiento Civil, 32 LPRA Ap. V, y constituye un requisito para que el tribunal pueda adquirir jurisdicción sobre la persona de la parte demandada. *Banco Popular v. S.L.G. Negrón,* 164 DPR 855 (2005). Por tanto, no es hasta que los demandados son debidamente emplazados, ya sea personalmente o por edicto, según aplique, que se les considera parte. *Acosta v. ABC, Inc.,* 142 DPR 927, 931 (1997).

Las Reglas 4.3 y 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3 y 4.4, establecen los requisitos que la parte demandante debe satisfacer para diligenciar el emplazamiento personalmente.

Sobre el término para diligenciar el emplazamiento personal, la Regla 4.3(c) establece lo siguiente:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga.

32 LPRA Ap. V, R. 4.3(c).

En fin, que al interpretar el texto claro de la Regla 4.3(c) de Procedimiento Civil, *supra,* es forzoso concluir que el término de ciento veinte (120) días con que la parte demandante cuenta para diligenciar los emplazamientos no admite prórrogas. Ello, a menos que la Secretaría no expida los emplazamientos el mismo día que se presenta la demanda. En esos casos, la prórroga se limitaría a la cantidad de días de que conste la dilación de Secretaría, "sin ninguna otra condición o requisito". *Pérez Quiles v. Santiago Cintrón,* 206 DPR 379, 381 (2021).

De este modo, el Alto Foro considera que el término de 120 días para emplazar es improrrogable. Por tanto, "si en 120 días el demandante no ha podido diligenciar el emplazamiento automáticamente se desestimará su causa de acción". *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 649 (2018).

De otra parte, los emplazamientos a las personas jurídicas, se rigen por la Ley Núm. 164-2009, según enmendada, 14 LPRA sec. 3501 *et seq.,* conocida como la *Ley General de Corporaciones.* En lo pertinente, la referida legislación dispone la manera correcta de emplazar a una corporación sita en Puerto Rico.

El Artículo 12.01 de la Ley Núm. 164-2009, 14 LPRA sec. 3781, sobre "emplazamiento a corporaciones", establece el modo de adquirir jurisdicción sobre una corporación. En lo pertinente, establece lo siguiente:

a) Se emplazará a cualquier corporación organizada en el Estado Libre Asociado entregando personalmente una copia del emplazamiento a cualquier oficial o director de la corporación en el Estado Libre Asociado, o al agente inscrito de la corporación en el Estado Libre Asociado, o dejándola en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito (si el agente es un individuo) en el Estado Libre Asociado, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado. [....] El emplazamiento diligenciado mediante la entrega de una copia en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado, para ser eficaz, deberá dejarse en presencia de un adulto por lo menos seis (6) días previos a la fecha del señalamiento del procedimiento judicial y el emplazador, informará claramente, la forma del diligenciamiento en la notificación de la misma. Si la comparecencia ha de ser inmediata, el emplazamiento deberá entregarse en persona al oficial, director o agente residente.

b) Cuando mediante la debida diligencia no pudiere emplazarse una corporación entregando el emplazamiento a cualquier persona autorizada para recibirlo, según lo dispuesto en el inciso (a) de esta sección, tal emplazamiento, se diligenciará, según lo dispuesto en las Reglas de Procedimiento Civil del Estado Libre Asociado, Ap. V del Título 32.

Artículo 12.01, Ley Núm. 164-2009, 14 LPRA sec. 3781.

**B**

El estado de derecho vigente establece que las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda. Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1. Véase, *Departamento de Asuntos del Consumidor v. Luma Energy, LLC.*, res. 1 de diciembre de 2025, 2025 TSPR 126; *Inmobiliaria Baleares et al. v. Benabe et al.*, 214 DPR 1109, 1120 (2024).

De este modo, "parte indispensable" es aquella parte de la cual no se puede prescindir; es decir, cuyo interés en la controversia es de tal magnitud que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 390 (2020); *López García v. López García*, 200 DPR 50, 64 (2018). Por ello, el interés mutuo en cuestión tiene que ser de tal orden que

impida producir un decreto sin que se vea afectado. *Pérez Ríos et al. v. CPE*, 213 DPR 203, 213 (2023). Ese interés común tiene que ser también real e inmediato, no uno futuro ni constitutivo de meras especulaciones. *Íd.*; *Colón Negrón et al. v. Mun. Bayamón*, 192 DPR 499, 511 (2015); *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 46 (2014); *García Colón et al. v. Sucn. González*, 178 DPR 527, 549 (2010).

La determinación sobre si una persona tiene un interés real e inmediato en la acción requiere una evaluación caso a caso, mediante un enfoque pragmático. *FCPR v. ELA et al.*, 211 DPR 521, 531 (2023). Sobre este aspecto, el Tribunal Supremo dispuso que "el tribunal deberá examinar los intereses envueltos y distinguir entre los diversos géneros de casos". *Íd.* Además, se deben tomar en consideración los elementos siguientes: tiempo, lugar, modo, alegaciones, prueba, clase de derechos, intereses en conflicto, resultado y formalidad. *Íd.*

La interpretación adoptada por el Tribunal Supremo para determinar quién es parte indispensable tiene un alcance restringido. Así, al expresar: *sin cuya presencia no pueda adjudicarse la controversia*, nuestro Alto Foro ha precisado que, "excepto en aquellas circunstancias en las que la adjudicación sin la persona ausente tendría un efecto perjudicial sobre el interés real e inmediato que ésta tiene en el pleito, en raras ocasiones será imposible resolver la controversia sin su presencia". *García Colón et al. v. Sucn. González*, supra, pág. 549.

En dicha consideración, los tribunales están llamados a efectuar un análisis juicioso sobre las prerrogativas de quienes estén ausentes en el pleito y de las consecuencias de ser unidos a la acción. *Allied Mgmt. Group v. Oriental Bank*, supra; *López García v. López García*, supra. Por tanto, el fin de esta norma es proteger a la persona que no está presente de los efectos legales de la

sentencia correspondiente, así como, también, evitar la multiplicidad de los pleitos *FCPR v. ELA et al.,* supra; *López García v. López García,* supra.

En fin, nuestro estado de derecho establece que es nula la sentencia que se emita en ausencia de parte indispensable. *Departamento de Asuntos del Consumidor v. Luma Energy, LLC.,* supra; *FCPR v. ELA et al.,* supra. Cónsono con lo anterior, el Alto Foro considera que "[l]a inclusión en el pleito de una parte indispensable constituye una defensa irrenunciable". *Departamento de Asuntos del Consumidor v. Luma Energy, LLC.,* supra; *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 223 (2007). Por tal razón, se puede invocar en cualquier momento del proceso judicial, aun, por primera vez, en apelación. *Íd.*

Del mismo modo, la omisión de traer a una parte indispensable al pleito constituye una violación al debido proceso de ley que le cobija al ausente, razón por la cual conlleva la desestimación de la acción. *Colón Negrón et al. v. Mun. Bayamón*, supra. Véase, además, *Inmobiliaria Baleares et al. v. Benabe et al.*, supra, pág. 1120. Nótese, sin embargo, que el Alto Foro dispone que "dicha desestimación no tendrá el efecto de una adjudicación en los méritos ni, por ende, de cosa juzgada". *Pérez Rosa v. Morales Rosado,* supra, pág. 224.

A la luz de la normativa antes expuesta, procedemos a disponer del caso ante nuestra consideración.

### III

Mediante el primer error señalado en el recurso de epígrafe, T-Shirt Print argumentó que el foro primario erró al determinar que Episeeker no quedó emplazada a través de su representante y agente residente, Monge La Fosse. No tiene razón.

Según detalláramos, T-Shirt Print incluyó con su *Segunda Demanda Enmendada* los emplazamientos individualmente

dirigidos, tanto a Monge La Fosse, como a Episeeker. En la alegación número 46 de la *Segunda Demanda Enmendada,* la parte apelante hizo constar que esta fue creada y registrada en el Departamento de Estado el 16 de diciembre de 2023. De la veracidad de este hecho, estamos en posición de tomar conocimiento judicial. Ello, pues surge del Registro de Corporaciones del Departamento de Estado que Episeeker es una compañía de responsabilidad limitada que, en efecto, fue incorporada en dicha fecha.

Como ente corporativo, no hay duda de que Episeeker tiene personalidad jurídica distinta e independiente de la de su representante y agente residente, Monge La Fosse. Por tal razón, la parte apelante tenía que diligenciarle un emplazamiento, por conducto de Monge La Fosse, de conformidad con la Regla 4.3(c) de Procedimiento Civil, *supra,* y el Artículo 12.01 de la Ley Núm. 164-2009, *supra.* El hecho de que el foro *a quo* eximiera a T-Shirt Print de emplazar a Monge La Fosse *en su carácter personal,* por esta haberse sometido a la jurisdicción del tribunal, no podía interpretarse como que no hubiese que emplazarle, en su capacidad como representante y agente residente de Episeeker. Por tal razón, es forzoso concluir que el foro primario nunca adquirió jurisdicción sobre la persona de Episeeker. No se cometió el error señalado.

En virtud del segundo señalamiento de error esbozado, la parte apelante adujo que el foro *a quo* erró al desestimar en su totalidad la *Segunda Demanda Enmendada,* bajo el fundamento de que faltaba una parte indispensable. Tiene razón.

Como detalláramos en nuestra exposición del derecho aplicable, la Regla 16.1 de Procedimiento Civil, *supra,* dispone que una parte indispensable es aquella "sin cuya presencia no pueda adjudicarse la controversia". De manera cónsona, el Tribunal

Supremo ha interpretado que se trata de una parte cuyo interés en la controversia es de tal magnitud que no puede dictarse un decreto final entre las otras partes, sin lesionar y afectar radicalmente sus derechos.[30]

En el caso de epígrafe, y según expusiéramos como parte de la discusión del primer señalamiento de error, T-Shirt Print omitió emplazar conforme a derecho a Episeeker, por conducto de Monge La Fosse, quien es su representante y agente residente. Ante esa realidad, el foro primario consideró que procedía desestimar la *Segunda Demanda Enmendada* sin perjuicio, en su totalidad, tras concluir que Episeeker era parte indispensable. Consideramos que este proceder fue errado.

De un análisis detallado de la *Segunda Demanda Enmendada*, surge que no todos los remedios solicitados en esta involucran directamente a Episeeker o, en alguna medida, afectarían sus derechos o intereses, de concederse estos en su día. Incluso, también llama a nuestra atención que Episeeker fuese incorporada como una compañía de responsabilidad limitada el 16 de diciembre de 2023, es decir, ocho meses después de presentada la *Demanda* original y, en cuyo lapso, se llegó a enmendar la demanda en una ocasión. De este modo, al presentarse la *Segunda Demanda Enmendada* el 8 de abril de 2025, con Episeeker como parte codemandada, la parte apelante alegó asuntos ocurridos con posterioridad a lo previamente alegado, tanto en la *Demanda* original como en la *Demanda Enmendada*.

En fin, toda vez que concluimos que Episeeker no es parte indispensable, procedía únicamente la desestimación de la causa de acción instada en su contra, y no de la totalidad del pleito. En consecuencia, corresponde continuar los procesos ante la consideración del foro *a quo*, sin la presencia de Episeeker como

---

[30] Véase, *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 390 (2020).

parte codemandada, debido a que dicho foro nunca adquirió jurisdicción sobre su persona. De este modo, el foro primario tendrá la oportunidad de pasar juicio respecto a la procedencia de aquellos remedios que no involucren directamente a Episeeker o, en alguna medida, afecten sus derechos.

Por último, mediante el tercer error señalado, la parte apelante cuestionó que el foro primario le permitiese a Monge La Fosse continuar representándose por derecho propio en el caso, sin analizar en una vista los requisitos establecidos en la Regla 9.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 9.4, sobre "representación por derecho propio", y su jurisprudencia. En síntesis, la parte apelante considera que, al así proceder, el foro primario ignoró las múltiples solicitudes que se le realizaron, para que no lo permitiera.

En consideración a lo que expresamos como parte de la discusión del segundo señalamiento de error, la discusión de este error se ha tornado académica. Si bien Monge La Fosse llegó a comparecer ante el foro primario en representación de Episeeker, de quien sin duda tiene personalidad jurídica independiente, debido a que la parte apelante no emplazó al ente corporativo, este ya no forma parte del pleito. De este modo, nada le impide a Monge La Fosse, quien está sometida a la jurisdicción del tribunal en su carácter personal, comparecer por derecho propio ante el foro primario y auto representarse, en dicha capacidad.

## IV

Por los fundamentos que anteceden, se modifica la *Sentencia* apelada, a los únicos fines de disponer que debió tratarse de una sentencia parcial en la que únicamente se desestimara la causa de acción instada contra la compañía de responsabilidad limitada, Episeeker.PR, LLC. En consecuencia, se le ordena al foro primario

continuar los procedimientos, de manera cónsona con los pronunciamientos consignados en esta *Sentencia*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El juez Cruz Hiraldo disiente sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones